May 30th, 1904.

————o————

No. 3334.

(Court of Appeal, Parish of Orleans.)

## MARGUERITE HUBBARD WIDOW ETC. vs. MRS. CATHERINE M. ENDES, WIFE OF JACOB KUNDERT, &c.

1. He who acquires an immovable in good faith and by a just title prescribes it in ten years.

Appeal from Civil District Court Division A.

A. E. Hebert, Plaintiff and Appellant.

W. McL. Fayssoux, A. H. Wilson, Defendant and Appellee.

MOORE, J.   This was a petitory action to which the plea of prescription of five, ten and thirty years was interposed and sustained; and from that judgment plaintiff appeals.

The substantial allegations of the petition are that petitioner together with Eliza, Henrietta, Amore and William Hubbard acquired on the 7th June 1870, in indivision and in equal proportions, by inheritance, a certain piece of property situated in the City of New Orleans; that Eliza Hubbard subsequently died; that her heirs, together with Henrietta, Amore and William sold, on the 11th June 1870 their respective interest in the property to Mrs. Marie Francois, wife of William Hubbard; that subsequently Mrs. Marie Francois, wife of Wm. Hubbard, died; that her Succession was duly opened, William Hubbard the surviving spouse, recognized as the owner of

261

one undivided half of the property thus left by his wife, her children of the remaining half; that during all this period of time the said William Hubbard was plaintiff's authorized and empowered agent, that in April 1892, the said William Hubbard "petitioned for and suffered a judgment to be rendered against said property wherein your petitioner held an undivided one fifth interest, that in accordance with the terms of said Judgment which was dated May 5, 1892, the said property passed into the hands of one Mrs. Catherine M. Enders wife of Jacob Kundert (defendant herein) for the sum of $2000.00 *as per act of sale before Fred Zengel Notary Public April 11th, 1892 in accordance with the terms of the aforesaid judgment of partition* and recorded in Conveyance Book 146 fol 64 Parish of Orleans May 12th, 1892", and that the said purchaser is "in undisturbed possession of the said property".

The prayer is that plaintiff be recognized as the owner of the undivided one fifth of the property and that he have judgment for this proportion of the rents and revenues.

It is patent on the face of the petition that the defendant holds the property under a title translative of property since April 11th, 1892, the date of the admitted Notarial Act of sale made, as is alleged, "in accordance with the terms of the Judgment of partition". This suit was filed only on the 6th, June 1902 and consequently more than 10 years after the defendant had acquired the property. There is no intimation in the petition that the defendant is in bad faith nor is any complaint made as to the validity of the judgment of partition, nor is it sought to annul that judgment." He who acquires an immovable in good faith and by a just title prescribes it in ten years." C. C. 3478.

Here the defendant bought on the faith of a judgment of Court and an act of sale made in conformity to same, and has been in possession of the property for over ten years. These facts are admitted by the petition. The plea was properly sustained and the Judgment is affirmed.